## Case No. 11,633a.
### REECE v. JOHNSON.
[Hempst. 82.] [1]

Superior Court, Territory of Arkansas.  Nov., 1829.

#### WITNESS—COMPETENCY—INTEREST.

A witness who has a direct and positive interest in the event of a suit is incompetent.

Appeal from Phillips circuit court; determined before Benjamin Johnson, Thomas P. Eskridge, James Woodson Bates, and William Trimble, Judges.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[This was an action on the case by James Johnson against Alexander Reece for unlawfully taking possession of a slave.]

OPINION OF THE COURT. This is an action brought by Johnson against Reece, for taking and carrying away a negro woman slave. Johnson, on the trial, proved possession in himself, and the taking by Reece; and he further proved that the negro had been in the possession of John Dukes, now deceased, and that Dukes devised the negro to his wife and infant son Isham, and that he was the legal guardian of Isham Dukes; and that before the commencement of this suit he had intermarried with the widow of John Dukes.

To the evidence, so far as it related to the title of Johnson, the defendant objected; but his objection was overruled. We cannot see the ground upon which the objection was based. The plaintiff in the court below might safely have rested his case on the proof of actual possession, and the taking and carrying away by the defendant Reece; but it was not improper, illegal, or irrelevant to go further and show his title to the property, and it was merely unnecessary trouble. We think the court decided correctly in overruling the objection to the evidence.

The defendant relied upon two grounds of defence: First, he denied the taking by the general issue; and, secondly, he justified the rightful owner of the property. In his plea of justification he averred that the slave in contest was the property of the estate of Isham Dukes, deceased, and that he, Reece, is the legal administrator of the estate, and, as such, was entitled to take the property.

On the trial before the jury, the defendant in the court below offered as a witness Joseph Robbins, who was rejected by the court, on the motion of the plaintiff, on the ground of interest. It appeared in evidence that the witness had intermarried with the widow of Isham Dukes, deceased. The interest of the witness in the event of the cause appears to us to be direct and positive, not remote, contingent, or uncertain. If the defence set up by Reece had been sustained by proof, the slave in contest was a part of the estate of Isham Dukes, deceased, and in that event the wife of the witness was entitled to dower in the negro woman. We think, therefore, the witness was properly excluded, and not permitted to give evidence. This case does not come within any of the exceptions to the general rule, that interest in the event of a cause disqualifies a witness. We are also clearly satisfied that the verdict rendered in this case is responsive to both the issues which the jury were sworn to try. Judgment affirmed.